**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VESNA NUON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| CITY OF LOWELL and ) | |
| BRIAN M. KINNEY, in his ) | |
| individual capacity, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

## INTRODUCTION

1.  This is a civil rights claim for money damages against Lowell police officer Brian Kinney and the City of Lowell. Defendant Kinney unlawfully arrested Mr. Vesna Nuon when he attempted to complain about the officer's unprofessional conduct. Defendant Kinney falsely charged Mr. Nuon with disorderly conduct. The baseless charge was dismissed at arraignment. Defendant Kinney's conduct violated Mr. Nuon's rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and under the laws of Massachusetts.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. §§1331 and 1343 provide federal-question jurisdiction, and 28 U.S.C. §1367 provides supplemental jurisdiction over the state law claims.

## PARTIES

3.   Plaintiff Vesna Nuon was at all times material to this complaint a resident of the Commonwealth of Massachusetts. On the date of the incident, he was a 40-year-old resident of Lowell.

4.   Defendant Brian M. Kinney was at all times material to this complaint a duly appointed police officer of the Lowell Police Department. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Lowell. He is sued in his individual capacity.

5.   Defendant City of Lowell is a municipal corporation located in Middlesex County, Commonwealth of Massachusetts, and was at all times material to this complaint, the public employer of Defendant Brian Kinney.

## FACTS

6.   Mr. Vesna Nuon is a long-time and well-known resident of Lowell. He has been a member of the City's Zoning Board for approximately ten years and has been the Vice Chair of that body for four years. He is a founder or co-founder of several community organizations including the Southeast Asian Family Against Domestic Violence, the Cambodian American League of Lowell and the Cambodian Mutual Assistance Association. Mr. Nuon has run for school committee in Lowell several times.

7.   Since 2000, when Governor Paul Cellucci appointed him to the position, Mr. Nuon has served as one of seven members of the Sex Offender Registry Board identifying, classifying and overseeing sex offenders living and working within the Commonwealth. Prior to that, he worked as a victim advocate and liaison to the Asian community in the Lowell office of the Middlesex District Attorney's Office for approximately ten years.

8.  On March 21, 2008, Mr. Vesna Nuon was visiting a friend at his home at 174 Hale Street in Lowell. At approximately 11:45 pm, he was relaxing on the front porch when a police cruiser pulled up to the front of the house.

9.  Officer Brian Kinney thought he was responding to a call for an unwanted person.

10. Officer Kinney called to Mr. Nuon, "Hey you, come over here!" As Mr. Nuon neared, Officer Kinney yelled, "Did you call the police?" Mr. Nuon informed the officer that he did not. The officer replied angrily, "Well, someone in the building did!"

11. While Mr. Nuon explained again that he did not call the police, a tenant of the building named Sambat Or and his girlfriend came out from the back of the house.

12. Mr. Or told the officer that he had called the police to report that his daughter was missing. Officer Kinney went with the couple to the back of the house.

13. Mr. Nuon went inside and told his friend what had just occurred. A short time later, as Mr. Nuon and his friend stepped out onto the front porch, Mr. Nuon saw the officer coming out from the back of the house. Mr. Nuon pointed to the officer and said, in Khmer, "See, there's the officer."

14. Officer Kinney demanded to see Mr. Nuon's identification.

15. Mr. Nuon told the officer that his wallet was inside the apartment. As Mr. Nuon entered the apartment, Officer Kinney followed behind him into the apartment.

16. Mr. Nuon questioned the officer's authority to enter the house. Officer Kinney responded, "This is not your house, is it?" Mr. Nuon ignored the officer, retrieved his driver's license from his wallet and handed it to the officer.

17. Officer Kinney radioed Mr. Nuon's information to the police dispatcher for a Board of Probation (BOP) check or for warrants.

18. Mr. Nuon felt that the officer's actions were unwarranted. He picked up his cell phone and tried to call the Lowell police station to complain. Officer Kinney asked what he was doing. Mr. Nuon told him that he was calling the police. Officer Kinney responded, "I am the police."

19. Mr. Nuon clarified that he was calling Officer Kinney's superiors to make a complaint. Immediately upon hearing this, Officer Kinney threw a clipboard he was holding in his hands onto the ground and said, "You're going to court Monday morning for disorderly conduct."

20. Officer Kinney handcuffed Mr. Nuon.

21. Officer Kinney had no warrant for the arrest of Mr. Nuon, no probable cause for his arrest and no legal cause or excuse to seize him.

22. Mr. Nuon was transported to the police station and placed in a holding cell. He was booked and fingerprinted.

23. Officer Kinney charged Mr. Nuon with disorderly conduct.

24. Mr. Nuon appeared at Lowell District Court for arraignment on Monday morning, March 24, 2008. The criminal charge was dismissed that day.

25. As a direct and proximate result of the acts of Defendant Kinney, Mr. Nuon endured emotional pain and suffering. He was distressed and humiliated. As a law enforcement person himself, having worked at the Middlesex District Attorney's Office for ten years and as a member of the Sex Offender Registry Board for eight years, the idea that he was being falsely charged with a crime simply because he wished to make a citizen's complaint was devastating to Mr. Nuon. He was photographed and fingerprinted during the booking process. Although the criminal charge was dismissed at arraignment, the local newspaper Lowell Sun publicized his arrest. He endured further distress when he had to explain the arrest to the Executive Office of Public Safety which was fielding inquiries from the media about his arrest.

26. The actions of Defendant Kinney violated the following clearly established and well-settled federal constitutional rights of Vessna Nuon:

    a.  Freedom from the unreasonable seizure of his person; and

    b.  Freedom from unlawful retaliation on the basis of his exercise of his right to free expression.

**COUNT I:**    **42 U.S.C. §1983 Claim Against Defendant Kinney for Unlawful Arrest**

27. The above paragraphs are incorporated by reference.

28. Defendant Kinney did not have probable cause to arrest plaintiff.

29. By the actions described above, defendant Kinney deprived the plaintiff of the clearly established and well-settled right secured by the Fourth and Fourteenth Amendments of the United States Constitution including but not limited to the freedom from unreasonable seizures.

30. Defendant Kinney's actions were taken with reckless disregard for plaintiff's constitutional rights.

31. As a direct and proximate result, the plaintiff suffered the injuries as described above.

**COUNT II:**    **42 U.S.C. § 1983 Claim Against Defendant Kinney for Retaliation in Violation of the First Amendment**

32. The above paragraphs are incorporated by reference.

33. Defendant Kinney unlawfully arrested Mr. Nuon in retaliation for Mr. Nuon's attempt to complain about the officer's unprofessional conduct in violation of plaintiff's rights under the First Amendment.

34. By the actions described above, defendant Kinney deprived the plaintiff of the clearly established and well-settled right to freedom of expression.

35. Defendant Kinney's actions were taken with reckless disregard for plaintiff's constitutional rights.

36. As a direct and proximate result, the plaintiff suffered the injuries as described above.

**COUNT III:   42 U.S.C. § 1983 *Monell* Claim Against the City of Lowell**

37. The above paragraphs are incorporated by reference.

38. Prior to March 22, 2008, the City of Lowell developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Lowell, which caused the violation of Mr. Nuon's constitutional rights.

39. It was the policy and/or custom of the City of Lowell to inadequately and improperly investigate citizens' complaints of police misconduct, and instead, acts of misconduct were tolerated by the City of Lowell.

40. On information and belief, between 1998 and 2008, citizens filed approximately 150 complaints against members of the Department. On information and belief, less than ten of these were substantiated. This percentage evinces the department's practice of looking the other way when officers violated the rights of citizens like Mr. Nuon.

41. It was the policy and/or custom of the City of Lowell to inadequately supervise its officers, including defendant Kinney, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

42. As a result of the above described policies and/or customs, police officers in the City of Lowell, including defendant Kinney, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43. The above described policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the City of Lowell to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

**COUNT IV:**   **Claims under the Massachusetts Civil Rights Act, M.G.L. c.12, §§11H, 11I, Against Defendant Kinney**

44. The above paragraphs are incorporated by reference.

45. Defendant Kinney violated the plaintiff's rights by threats, intimidation and coercion.

46. As a direct and proximate result, the plaintiff suffered the injuries as described above.

**COUNT V:**   **Claim under Massachusetts Law for False Imprisonment Claim Against Defendant Kinney**

47. The above paragraphs are incorporated by reference.

48. Officer Kinney committed the common law tort of false imprisonment by physically arresting Mr. Nuon without probable cause.

49. As a direct and proximate result the plaintiff received the injuries as described above.

**COUNT VI:**   **Claim under Massachusetts Law for Malicious Prosecution Claim Against Defendant Kinney**

50.  The above paragraphs are incorporated by reference.

51. Defendant Kinney commenced or caused to be commenced a criminal prosecution against Mr. Nuon without probable cause and with malice as that term is defined in Massachusetts tort law.

52. The criminal action terminated in the plaintiff's favor at arraignment on March 24, 2008.

53. As a direct and proximate result of this unlawful conduct, the plaintiff suffered the injuries as described above.

**COUNT VII: Negligence against the City of Lowell**

54.  The above paragraphs are incorporated by reference.

55. On December 8, 2008, a notice pursuant to M.G.L. c.258, §4 was forwarded to the Mayor of the City of Lowell.

56. Plaintiff properly performed the conditions precedent to filing an action under M.G.L. 258.

57. The City of Lowell failed to make a settlement offer in response to plaintiff's demand.

58. Defendant Kinney was acting within the scope of his employment at all times alleged in this complaint.

59. Employees of the City of Lowell were negligent in:

    a.  failing to respond properly to a radio call for police assistance;

    b.  arresting Mr. Nuon without probable cause;

    c.  threatening, intimidating and coercing Mr. Nuon from filing a citizen's complaint against the officer;

    d.  failing to properly train defendant Kinney;

    e.  failing to properly supervise Lowell police officers including defendant Kinney; and

    f.  failing to properly discipline Lowell police officers including defendant Kinney thereby permitting and encouraging acts of misconduct against civilians.

60. As a proximate cause of the negligence, the plaintiff suffered damages as described above.

**WHEREFORE**, the plaintiff requests that this Honorable Court:

    1.  Award compensatory damages;

    2.  Award punitive damages against defendant Kinney;

    3.  Award the costs of this action, including reasonable attorney's fees; and

    4.  Award such other and further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

A jury trial is hereby demanded.

Respectfully submitted,
VESNA NUON,
By his attorneys,


 /s/ Myong J. Joun
Myong J. Joun
BBO No. 645099
Joun Law Office
420 Harvard Street
Brookline, MA 02446
Tel.: (617) 304-6186
Fax: (866) 551-4983
Email: mjoun@massrights.com



 /s/ Jeffrey Wiesner
Jeffrey Wiesner
BBO No. 655814
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
Tel.: (617) 742-5800
Fax: (617) 742-5858
Email: jwiesner@sswg.com

Dated: July 10, 2009

9