UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VESNA NUON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 09-11161-WGY |
| CITY OF LOWELL and | ) | |
| BRIAN M. KINNEY, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT BRIAN M. KINNEY'S MOTION FOR SUMMARY JUDGMENT**[1]

**I. INTRODUCTION**

Defendant Brian M. Kinney has moved for summary judgment, not by relying on facts viewed in the light most favorable to the non-moving party (i.e., the Plaintiff's version) as Fed.R.Civ.P. 56 requires, but by relying on his own version of the facts.[2] Indeed, Defendant Kinney does not claim that his Statement of Facts is undisputed. He cannot make that claim because he relies exclusively upon only two sources for his facts: his own police report (Kinney's Exhibit A)[3] and his own deposition transcript (Kinney's Exhibit B).[4]

Because Defendant Kinney asks this Court to view the facts in the light most favorable to him, and not to the Plaintiff who is the non-moving party, the Court must deny Defendant Brian M. Kinney's motion for summary judgment.

---

[1] This opposition memorandum also addresses issues raised by Defendant Kinney's Supplemental Memorandum in Support of Motion for Summary Judgment.
[2] The Court must determine "whether plaintiff's claim survives in light of all the uncontested facts and any contested facts looked at in the plaintiff's favor." Riverdale Mills Corp. v. Pimpare, 392 F.3d 55, 62 (1st Cir. 2004).
[3] The report would be inadmissible in evidence if offered by Defendant since self serving reports by the defendant about the facts at issue do not meet the trustworthiness requirement of F.R.E. Rule 803(8)(B).
[4] Defendant Kinney attaches only a single page of Plaintiff's deposition transcript as his Exhibit C to show that Mr. Nuon was visiting his friend at 174 Hale Street before Officer Kinney's arrival at the house.

## II. <u>STATEMENT OF DISPUTE OF DEFENDANT KINNEY'S FACTS</u>[5]

Although it seems unnecessary, in light of the fact that Defendant Kinney does not even purport to rely on undisputed facts, Plaintiff sets out below his disputes of the following numbered paragraphs of Defendant Kinney's statement of facts:

2. Plaintiff denies confronting Kinney.[6] It was Kinney who confronted Mr. Nuon who was quietly standing on the porch. Kinney called Mr. Nuon over and asked whether he had called the police.[7] Mr. Nuon denies yelling at Kinney or being confrontational.[8] It was Kinney who was doing the yelling – when Mr. Nuon stated that he did not call the police, Kinney became "upset" and "mad" and yelled at Mr. Nuon in "a very loud voice," "Somebody called the police."[9]

3. Plaintiff disputes that Kinney called for back-up based on Sambat Or's report of a missing person.[10]

4. As Officer Kinney was walking back towards his cruiser after taking the missing persons report with the couple who had called the police, Mr. Nuon pointed towards the officer and said "See, there's the officer," in Khmer, to his friend who was standing next to him on the porch.[11] Plaintiff denies yelling and screaming or waving his arms at Kinney.[12] Immediately, Kinney

---

[5] As mentioned, Kinney relies exclusively on his own police report and his own deposition transcript. However, what is more troubling is that Kinney took his version of the events and has magnified it in his Statement of Facts to such a degree that it has distorted his own prior testimony, as will be noted below.

[6] Kinney cites to his arrest report, but the report does not support his contention that Plaintiff confronted him. Kinney did not say in his report, and he did not testify at his deposition, that Plaintiff's host was present when he arrived at 174 Hale Street. Also, although Kinney states, in quotation marks, "did either of you telephone the police?," that phrase does not appear anywhere in his police report or in his deposition transcript.

[7] Plf's Ex. A, Nuon Depo. p. 80, l. 24-p.81, l. 13.

[8] Plf's Ex. A, Nuon Depo. p. 82, l. 20-p.83, l. 3.

[9] Plf's Ex. A, Nuon Depo. p. 81, l. 12-p. 83, l. 14.

[10] This is also disputed by Defendant City of Lowell which says the opposite, that the back-up officer "left the area after Kinney informed LPD that the call turned out to be a missing juvenile." City's statement of facts at ¶10.

[11] Plf's Ex. A, Nuon Depo. p. 89, l. 22-p. 90, l. 3; p. 91, l. 19-21; p. 92, l. 10-15.

[12] Plf's Ex. A, Nuon Depo. p. 92, l. 16-p. 93, l. 2. Although Kinney cites to his police report, nowhere in that report does he mention that Plaintiff was waving his arms at Kinney. At his deposition, Kinney testified that other than yelling, Mr. Nuon pointed "[i]n the direction that he wants me to go…which is towards my cruiser," Plf's Ex. B, Kinney Depo. p. 71, l. 2-4, and that there was no other conduct on the part of Mr. Nuon, Plf's Ex. B, Kinney Depo. p. 70, l. 24-25. Finally, Officer Kinney was asked at his deposition, "…so far you've only described him either pointing towards you or pointing towards your cruiser…[w]as there anything else other than those things that he did physically?" Officer Kinney answered "No." Plf's Ex. B, Kinney Depo. p. 82, 5-9.

approached Mr. Nuon and demanded to see Mr. Nuon's identification.[13] Mr. Nuon told the officer that his license was inside the apartment.[14] As Mr. Nuon entered the apartment, Officer Kinney followed behind him into the apartment.[15] Mr. Nuon questioned the officer's authority to enter the house.[16] Officer Kinney responded, "It's not your house, is it?"[17] Mr. Nuon ignored the officer, retrieved his driver's license from his wallet and handed it to the officer.[18] Officer Kinney radioed Mr. Nuon's information to the police dispatcher for a check for warrants and criminal records (CORI).

5. Plaintiff denies that conducting a CORI check and a check for warrants on a citizen without just cause is "routine."[19]

6. Mr. Nuon felt that the officer's actions were unwarranted.[20] He called the Lowell Police Department and attempted to complain about Officer Kinney's behavior to a superior officer.[21] This was the reason for Defendant Kinney arresting Mr. Nuon. Plaintiff denies that Kinney told him or his friend to "close it up for the night."[22] Plaintiff denies that he was ranting and raving.[23] Plaintiff denies that Kinney asked him to go inside. Plaintiff denies that he refused to go inside. Plaintiff denies that he was belligerent. When Officer Kinney saw Mr. Nuon on his cell phone, he asked Mr. Nuon who he was calling.[24] Mr. Nuon told him that he called the police.[25] Officer

---

[13] Plf's Ex. A, Nuon Depo. p. 93, l. 8-23.
[14] Plf's Ex. A, Nuon Depo. p. 94, l. 4.
[15] Plf's Ex. A, Nuon Depo. p. 95, l. 5-16.
[16] Plf's Ex. A, Nuon Depo. p. 96, l. 8.
[17] Plf's Ex. A, Nuon Depo. p. 97, l. 13-14.
[18] Plf's Ex. A, Nuon Depo. p. 97, l. 15-p. 98, l. 4.
[19] Plf's Ex. A, Nuon Depo. p. 159, l. 16-21.
[20] Plf's Ex. A, Nuon Depo. p. 102, l. 18-p. 103, l. 1.
[21] Plf's Ex. A, Nuon Depo. p. 103, l. 18-p. 104, l. 13.
[22] Again, although Kinney uses quotation marks to say that he told Plaintiff and his host to "close it up for the night" and cites to his police report, that phrase appears nowhere in his report or mentioned at his deposition.
[23] Kinney testified that Mr. Nuon's "rant," as he put it, lasted "seconds." Plf's Ex. B, Kinney Depo. p. 45, l. 14-17. With regard to the "raving," Kinney cites to his police report but no where in his report (nor in his deposition) did he ever mention that Plaintiff was "raving."
[24] Plf's Ex. A, Nuon Depo. p. 104, l. 24-p. 105, l. 1.
[25] Plf's Ex. A, Nuon Depo. p. 105, l. 22; p. 106, l. 23.

Kinney responded, "I am the police."[26] Officer Kinney immediately became "upset," "mad," and threw a clipboard he was holding in his hands onto the ground and said, "You're going to court on Monday for disorderly conduct."[27] Plaintiff denies that Kinney ever warned him of anything before arresting him. Officer Kinney handcuffed Mr. Nuon immediately after throwing down the clipboard.[28]

## III. ARGUMENT

### A. The Standard For Summary Judgment

The facts must be considered in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, 477 U.S. 242, 256 (1986). The qualified immunity doctrine does not change the standard rules of procedure. "Where a qualified immunity defense is advanced by pretrial motion, 'normal summary judgment standards' control." Amsden v. Moran, 904 F.2d 748, 752 (1st Cir. 1990) (quoting Rogers v. Fair, 902 F.2d 140, 142 (1st Cir. 1990)). The Court must accept the facts of the party opposing qualified immunity to determine whether a constitutional violation could be found. Saucier v. Katz, 533 U.S. 194, 201 (2001); Burke v. Town Of Walpole, 405 F.3d 66, 77 (1st Cir. 2005).

### B. Defendant Kinney Is Not Entitled to Qualified Immunity

#### 1. No Reasonable Officer Could Have Believed There Was Probable Cause For The Arrest

Defendant Kinney is not entitled to qualified immunity on Plaintiff's Fourth Amendment false arrest claim because no reasonable officer could have believed there was probable cause to arrest Mr. Nuon for disorderly conduct. An arrest must be supported by probable cause. Beck v. Ohio, 379 U.S. 89, 91 (1964). An arrest without probable cause is a violation of the Fourth

---

[26] Plf's Ex. A, Nuon Depo. p. 106, l. 24; p. 107, l. 6.
[27] Plf's Ex. A, Nuon Depo. p. 107, l. 7-24; p. 110, l. 1-4.
[28] Plf's Ex. A, Nuon Depo. p. 110, l. 15-23.

4

Amendment protection against unreasonable seizures. Santiago v. Fenton, 891 F.2d 373, 388 (1st Cir. 1989). Probable cause exists if "the facts and circumstances within the police officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the defendant had committed or was committing an offense." Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir. 1992) (quoting United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir. 1987) and Beck, 379 U.S. at 91).

Viewed in light most favorable to Plaintiff, the facts are that Mr. Nuon told Officer Kinney that he was not the individual who called the police. When a tenant, Sambat Or, came out to say he had called the police, Officer Kinney went with Or to take a missing persons report. As Kinney was returning to his cruiser, Mr. Nuon pointed towards the officer and said, "See, there's the officer," in Khmer, to his friend who was standing next to him on the porch.

Immediately, Defendant Kinney demanded to see ID from Mr. Nuon. He followed Mr. Nuon into the home where Mr. Nuon produced his license. Defendant Kinney then conducted what Mr. Nuon felt to be unwarranted checks of his criminal record and warrants.

Mr. Nuon attempted to call Defendant Kinney's superior officer to complain about Kinney's abuse of power. Defendant Kinney asked Mr. Nuon who he was calling. Mr. Nuon responded that he was calling Kinney's superiors to complain. Upon hearing this, Defendant Kinney became upset, threw down a clipboard he was holding and arrested Mr. Nuon. At no point did Plaintiff raise his voice or wave his hands.

To make an arrest, a reasonable, competent police officer must know the elements of the crime since the officer must have probable cause to believe that a crime has been committed. See Howes v. Hitchcock, 66 F.Supp. 2d 203, 212-13 (D. Mass. 1999). As the First Circuit has stated, "a reasonable public official, particularly a police officer, is expected to know the law." Hall v.

Ochs, 817 F.2d 920, 924 (1st Cir. 1987). No reasonable police officer could have thought that there was probable cause to believe that Mr. Nuon committed the offense of disorderly conduct.

### 2. The First Amendment Protects Against Retaliatory Treatment

Defendant Kinney used his police power to retaliate against Mr. Nuon because of his exercise of First Amendment rights.  Immediately upon hearing that Mr. Nuon had called the Lowell Police Department to complaint about Kinney's behavior to a superior officer, Defendant Kinney became upset, threw down the clipboard he was holding and arrested Mr. Nuon. The right to be free from such retaliation was clearly established on the date of this incident.  See Tatro v. Kervin, supra, Veiga v. McGee, 26 F.3d 1206, 1213 (1st Cir. 1994); Johnson v. Bax, 63 F.3d 154 (2nd Cir. 1995); Blackburn v. Marshall, 42 F.3d 925 (5th Cir. 1995); McBride v. Village of Michiana, 100 F.3d 457 (6th Cir. 1996); Sloman v. Tadlock 21 F.3d 1462 (9th Cir. 1994).  "State action designed to retaliate against and chill political expression strikes at the very heart of the First Amendment." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

For the above reasons, Defendant Kinney is not entitled to qualified immunity on Plaintiff's Fourth Amendment claim in Count I or his First Amendment claim in Count II.

### C. Defendant Kinney Violated the Massachusetts Civil Rights Act

Viewing the facts in light most favorable to Plaintiff, the only reason for Defendant Kinney arresting Mr. Nuon was because Mr. Nuon told Kinney that he had called the police to complain about Kinney's abuse of power. An arrest is "intrinsically coercive." Sarvis v. Boston Safe Deposit and Trust Company, 47 Mass. App. Ct. 86, 92, 711 N.E.2d 911, 918 (1999), further appellate review denied, 430 Mass. 1106; 717 N.E.2d 1015 (1999). Therefore, Defendant Kinney's motion must be denied on Plaintiff's MCRA claim in Count III.

D. **Because Defendant Brian M. Kinney Views the Facts in the Light Most Favorable to Him, His Motion Must Be Denied With Respect to Plaintiff's State Tort Claims**

Viewing the facts in light most favorable to Plaintiff, Mr. Nuon never yelled or screamed; nor did he ever wave his arms at Kinney. As stated in Section B(1), *supra* at pp.4-6, no reasonable police officer could have thought that there was probable cause to believe that Mr. Nuon committed the offense of disorderly conduct. Plaintiff alleges that the only reason Kinney arrested him was because he called the Lowell Police Station to complain about Kinney's abuse of power. Viewing the facts in the light most favorable to Plaintiff, Defendant Kinney did not have probable cause to arrest him and charge him with disorderly conduct. Therefore, Defendant Kinney's motion for summary judgment on Plaintiff's claims of false imprisonment and malicious prosecution in Counts IV and V must be denied.

IV. **AWARD OF COSTS**

Plaintiff requests that the Court award him the costs of having to oppose Defendant Kinney's baseless motion. As stated at the outset of this opposition, Kinney puzzlingly relied exclusively on his self-serving police report and his own deposition transcript in support of his statement of facts. Either Defendant Kinney has a gross misunderstanding of the standards to move for summary judgment or it was filed as a tactic to obfuscate the issues presented in Plaintiff's motion for summary judgment, namely, whether gesturing at a police officer to leave and raising one's voice for a matter of seconds can constitute probable cause to arrest for disorderly conduct. It is additionally troublesome that Defendant Kinney, in using facts from his own version, at best exaggerated them and in some instances misrepresented them to make the facts more favorable to him.

## V. **CONCLUSION**

Because Defendant Kinney asks this Court to view the facts in the light most favorable to him, and not the Plaintiff who is the non-moving party, the Court must deny Defendant Brian M. Kinney's motion for summary judgment.

                    Respectfully submitted,

                    VESNA NUON,
                    By his attorneys,


                    /s/ Myong J. Joun
                    Myong J. Joun
                    BBO No. 645099
                    Joun Law Office
                    420 Harvard Street
                    Brookline, MA 02446
                    Tel.: (617) 304-6186
                    Fax: (866) 551-4983
                    Email: mjoun@massrights.com


                    /s/ Jeffrey Wiesner
                    Jeffrey Wiesner
                    BBO No. 655814
                    Stern, Shapiro, Weissberg & Garin, LLP
                    90 Canal Street, Suite 500
                    Boston, MA 02114-2022
                    Tel.: (617) 742-5800
                    Fax: (617) 742-5858
                    Email: jwiesner@sswg.com

Dated: September 7, 2010

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CMF/ECF.

Date: 9/7/2010     /s/ Myong J. Joun
                    Myong J. Joun