UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VESNA NUON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF LOWELL and<br>BRIAN M. KINNEY, in his<br>individual capacity,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. 09-11161-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT CITY OF LOWELL'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

As did Defendant Brian M. Kinney, Defendant City of Lowell has also moved for summary judgment by relying on the defendants' own version of the facts and not by relying on facts viewed in the light most favorable to the Plaintiff as Fed.R.Civ.P. 56 requires.

The standard for defendants' motions for summary judgment is not "*If Kinney's version of the events is what occurred, ...*" [1] or "*The police report recites ...*".[2] It is Plaintiff's version that controls. Notwithstanding, and ignoring what the plaintiff actually did say, the City urges the Court to find that Plaintiff's version of the events is not believable because of what the plaintiff did not say. It is apparently the City's theory that "plaintiff's various admissions by silence and conduct," including plaintiff's decision at the arraignment to accept a dismissal of the charges against him, is evidence of the plaintiff's actual guilt of the crime charged.[3] The City's idea being that if the plaintiff was actually innocent, he would not have accepted a dismissal of the

---

[1] City's Memo at p.7.
[2] City's Memo at p.8.
[3] City's Memo at pp.6-13. Assuming *arguendo* that this would be admissible evidence, the issue of whether Plaintiff's version of the events is believable or not would be a question for a jury at trial, not for a judge on a motion for summary judgment.

charges but demanded a full trial. Ergo, the City argues, Officer Kinney had probable cause to arrest him. The absurdity of these claims by relying on the defendants' own version of the facts warrants no additional response than what was already discussed in Plaintiff's opposition to Defendant Kinney's motion for summary judgment, which is incorporated herein by reference. As Stan Lee succinctly put it – "Nuff said."

Therefore, Plaintiff limits this opposition memorandum to the issue of whether the City is entitled to judgment as a matter of law on Plaintiff's negligence claim against it. As explained below, the plaintiff has stated a claim under the Massachusetts Tort Claims Act for negligent or wrongful acts or omission of its public employees. The Court must deny the City's motion.

## II. ARGUMENT

Defendant City argues that Kinney's actions on the night of the incident cannot be the basis of an actionable negligence claim against the City because it is barred by M.G.L. c. 258 §10(c). Specifically, the City argues that because this case is about intentional acts, it is exempt from liability. Plaintiff would agree that that is *a* possibility depending on how a jury returns a verdict. It is not the only possibility.

First, a jury may fully credit Plaintiff's version of the events and find that the ultimate and final act of Officer Kinney placing Mr. Nuon under arrest was without probable cause and motivated by Mr. Nuon's exercise of his First Amendment rights and thus was an intentional tort but also find that Officer Kinney was negligent in demanding ID from Mr. Nuon, entering the apartment without a warrant or permission from the resident, and ordering an unwarranted check of Mr. Nuon's criminal record information setting in motion the series of events that led to plaintiff being arrested. These negligent acts caused Mr. Nuon to contact Officer Kinney's superior officer. In response, as retaliation, Kinney arrested Mr. Nuon. In this scenario, a jury can return a verdict against both Defendant Kinney and the City of Lowell.

Second, a jury may find that all of Officer Kinney's actions that night were negligent, including the decision to arrest Mr. Nuon. The jury may not believe that a police officer would retaliate against anyone and intentionally violate a citizen's constitutional rights, the same rights they swore to uphold. Instead, the jury might credit Kinney's version (that Mr. Nuon was on a "rant" which lasted "seconds" by "yelling" to him: "You're a coward hiding behind your badge, get off my property" and "You can't tell him what to do, You can't tell me what to do. Get off the property" and pointing "[i]n the direction that he wants me to go…which is towards my cruiser") and conclude that the plaintiff's acts and words as described by Kinney did not add up to probable cause for the arrest of disorderly conduct and that Officer Kinney was negligent in forming the opinion that it did. In this scenario, there will be a judgment against the City.

Third, a jury may find that all of Officer Kinney's acts were intentional. Even then, the City may still be found liable for the negligence of City employees other than Officer Kinney. A jury could find that had Officer Kinney been properly trained and/or supervised, he would not have confronted Mr. Nuon in a rude and unprofessional manner, demanded ID from him and requested a criminal records check without just cause, and arrested him and charged him with disorderly conduct in the absence of probable cause. A jury could infer a but-for causation from Officer Kinney's intentional violations of Mr. Nuon's constitutional rights that the City was negligent in failing to properly train or supervise Officer Kinney.

### III.  CONCLUSION

Because Plaintiff has stated a claim under the Massachusetts Tort Claims Act for negligent or wrongful acts or omission of its public employees, the City is not entitled to judgment as a matter of law and the Court must deny the City's motion.

Respectfully submitted,

VESNA NUON,
By his attorneys,


 /s/ Myong J. Joun
Myong J. Joun
BBO No. 645099
Joun Law Office
420 Harvard Street
Brookline, MA 02446
Tel.: (617) 304-6186
Fax: (866) 551-4983
Email: mjoun@massrights.com



 /s/ Jeffrey Wiesner
Jeffrey Wiesner
BBO No. 655814
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
Tel.: (617) 742-5800
Fax: (617) 742-5858
Email: jwiesner@sswg.com

Dated: September 7, 2010

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CMF/ECF.

Date: 9/7/2010      /s/ Myong J. Joun
                    Myong J. Joun