UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
VESNA NUON,                               )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )          Civil Action No. 09-11161-LTS
                                          )
CITY OF LOWELL and                        )
BRIAN M. KINNEY,                          )
                                          )
        Defendants.                       )
_____)


MEMORANDUM AND ORDER ON
DEFENDANT CITY OF LOWELL'S
MOTION FOR SUMMARY JUDGMENT

March 4, 2011

SOROKIN, M.J.

    The Plaintiff, Vesna Nuon, brings claims against the City of Lowell and Defendant Brian

M. Kinney arising from Kinney's March 21, 2008, arrest of Nuon on a charge of disorderly

conduct, an arrest which Nuon asserts was not supported by probable cause and was motivated

by his protected speech. Nuon brings claims against Kinney pursuant to 42 U.S.C. § 1983 and

M.G.L. c. 12, §§ 11H and 11I, the Massachusetts Civil Rights Act (MCRA), in addition to

common law claims for false imprisonment and malicious prosecution. Nuon's sole claim

against the City of Lowell is for negligence, pursuant to the Massachusetts Tort Claims Act,

M.G.L. c. 258.

    Currently pending is the Defendant City of Lowell's Motion for Summary Judgment

(Docket # 35).  For the following reasons,  the motion is ALLOWED.[1]

Nuon claims that employees of the City of Lowell were negligent in: (1) failing to respond properly to a radio call for police assistance; (2) arresting him without probable cause; (3) threatening, intimidating and coercing Mr. Nuon from filing a citizen's complaint against Kinney; (4) failing to properly train defendant Kinney; (5) failing to properly supervise Lowell police officers including Kinney; and (6) failing to properly discipline Lowell police officers including Kinney, thereby permitting and encouraging acts of misconduct against civilians. Docket # 25-1 at ¶ 52.

The Massachusetts Tort Claims Act was enacted in response to the Supreme Judicial Court's decision in Whitney v. Worcester, 373 Mass. 208 (1977), in which the SJC stated its intention to abrogate the doctrine of governmental immunity unless the Legislature took action. Id. at 210.  It provides that public employers, including the Commonwealth, are liable "for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment." M.G.L. c. 258, § 2.

Presentment

M.G.L. c. 258. § 4, however, bars any suit for damages against a public employer unless the plaintiff, within two years of the date on which the cause of action accrued, presents notice in writing to the agency's chief executive officer.  See Gilmore v. Commonwealth, 417 Mass. 718, 721-722 (1994).  If the suit is against a municipality, the presentment should be made to the

---

[1]  The procedural and factual background (as well as the standard of review) recited in the Court's Memorandum and Order on Plaintiff Nuon and Defendant Kinney's Cross Motions for Summary Judgment, simultaneously issued on this date, are hereby incorporated by reference.

mayor. "Presentment is . . . a statutory condition precedent to recovery under [M.]G.L. c. 258." Vasys v. Metro. Dist. Comm'n, 387 Mass. 51, 55 (1982). "The purpose of this rule is to provide notice to the highest ranking official with the ability to fully investigate, 'arbitrate, compromise or settle' such claim . . . in order to ensure that the interests of the [agency] are protected." Garcia v. Essex County Sheriff's Dep't, 65 Mass. App. Ct. 104, 107 (2005). Strict compliance is the rule. Richardson v. Dailey, 424 Mass. 258, 261-262 (1997). See Daveiga v. Boston Pub. Health Comm'n, 449 Mass. 434, 436-437 (2007) (presentment to the Mayor of Boston ineffective where the agency being sued, even though under pervasive City control, was nonetheless chartered as a legally distinct "body politic and corporate").

There are two exceptions to the strict compliance rule. "First, under the 'lulling' exception, the public employer will be estopped from asserting any defect in the presentment . . . if, during the conduct of the litigation and at a time when presentment still could have been made, the plaintiff was led to believe that presentment would not be an issue in the case. Second, under the 'actual notice' exception, the presentment requirement will be deemed fulfilled if the plaintiff can show that, despite defective presentment, the designated executive officer had actual notice of the written claim." Bellanti v. Boston Pub. Health Comm'n, 70 Mass. App. Ct. 401, 406-407 (2007).

The presentment letter must identify the legal basis of a plaintiff's claim in language that does not obscure the nature of the claim being asserted. Gilmore v. Commonwealth, 417 Mass. 718, 723 (1994). However, "the strict compliance precept is concerned more with whether presentment has been made to the proper executive officer . . . than with the content of the presentment." Martin v. Commonwealth, 53 Mass. App. Ct. 526, 529 (2002).

The City argues that Nuon cannot establish liability against it because his presentment

failed to comply with the requirements of M.G.L. c. 258, §4. Docket #36 at 3-5. This argument

is unavailing. Nuon's attorney timely sent a presentment notice to the proper executive officer

(the Mayor of Lowell) clearly articulating negligence claims against the City of Lowell. See

Docket # 36-10. Even if there were any defects in the presentment letter, the designated

executive officer was given actual notice of the written claim, which is sufficient to fulfill

Nuon's presentment obligations.

Chapter 258, Section 10 exclusions

"By design, the [Tort Claims] Act abrogated some of the traditional notions of sovereign

immunity and provided consent to suit, but it also retained specified areas where [public

employers] would remain unamenable to suit." Fortenbacher v. Commonwealth, 72

Mass.App.Ct. 82, 86 (2008) (citing M.G.L. c. 258, § 10).

For example, M.G.L. 258, § 10(h) bars, inter alia, "any claim for failure to provide

adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes,

identify or apprehend criminals or suspects." To the extent that Nuon's negligence claim is

based upon Kinney's "failure to respond properly to a radio call for police assistance," it is

barred by section 10(h).

M.G.L. 258, § 10(j) likewise bars, inter alia, "any claim based on an act or failure to act

to prevent or diminish the harmful consequences of a condition or situation, including the violent

or tortious conduct of a third person," and to the extent that Nuon's claim is based on a failure to

properly train, hire, or supervise Kinney, it is barred by section 10(j). See Ward v. Boston, 367

F.Supp.2d 7 (D.Mass.1999) (claims of failure to train or supervise are claims based on the failure

to prevent or mitigate a harm, rather than participation in the initial injury-causing circumstance

and thus are barred by § 10(j)).

Similarly, §10 (c) excludes claims based on the public employee's intentional misconduct, and the City argues that a claim based on false arrest is not negligent, but intentional. To the extent that Kinney intentionally arrested Nuon without probable cause, the claim would be barred by section 10(c) as an intentional tort.

Nuon counters that the arrest without probable cause may be merely negligent. In that case, the claim would nevertheless be barred by the discretionary functions exception of §10(b), which bars "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused." M.G.L. c. 258, §10(b). The SJC has held that the conduct of law enforcement officers in investigating criminal conduct and in seeking arrest warrants are discretionary functions within the meaning of §10(b). See Sena v. Commonwealth, 417 Mass. 250, 257 (1994). The rationale articulated in that case (namely that the determination of probable cause necessarily involves an exercise of discretion, and that the considerations of whom to seek to arrest necessarily affect public policy) applies equally (if not with even greater force) to an officer's decision to make a warrantless arrest. Id. at 256.

Finally, the record is devoid of any evidence that any employee of the City of Lowell threatened, intimidated or coerced Nuon with regard to his filing a citizen's complaint against Kinney, as alleged in the Amended Complaint.

CONCLUSION

        The City of Lowell's motion for summary judgment on Count VI is ALLOWED.


                             /s/ LEO T. SOROKIN
                             Leo T. Sorokin
                             UNITED STATES MAGISTRATE JUDGE